<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | : | |
|---|---|---|
| BASILIS N. STEPHANATOS, | : | Civil Action No. 12-1793 (FSH) |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| WAYNE TOWNSHIP, et al., | : | |
| | : | Date: April 15, 2013 |
| Defendants. | : | |
| | : | |

<u>**HOCHBERG, District Judge:**</u>

This matter comes before the Court upon a motion to dismiss Plaintiff's Complaint by all Defendants pursuant to Fed. R. Civ. P. 12(b)(6), on the grounds that Plaintiff's claims are barred by res judicata and failure to state a claim for which relief can be granted. The Court has considered the motion and reviewed the submissions of the parties pursuant to Fed. R. Civ. P. 78.

**I. BACKGROUND**

   A. **Statement of Facts**

Plaintiff, Basilis Stephanatos, was a Wayne township property owner. Plaintiff has challenged local taxation at least three prior times, filing lawsuits in federal courts and New Jersey state courts alleging constitutional and tort causes of action.[1] Here, Plaintiff opposes the

---

[1] Plaintiff challenged the federal government's ability to tax in <u>Stephanatos v. United States,</u> 81 Fed. Cl. 440 (2008), (granting the government's motion to dismiss Plaintiff's Complaint), <u>aff'd,</u> 306 F. App'x 560 (Fed. Cir. 2009). Plaintiff again challenged the government's ability to tax in <u>Stephanatos v. Cohen,</u> 06-1310, 2006 WL 2872519 (D.N.J. Aug. 7, 2006) (dismissing Plaintiff's Complaint and denying Plaintiff's motions), <u>aff'd,</u> 236 F. App'x 785 (3d Cir. 2007). Plaintiff

payment of the local portion of his taxes going toward education since he does not have children. Additionally, Plaintiff claims that Defendants took part in a conspiracy to rig bids and allocate markets for the sale of Tax Sale Certificates in New Jersey in order to suppress competition to obtain municipal tax liens offered at public auctions at non-competitive interest rates.

On September 27, 2005, the Tax Collector for Wayne Township conducted the statutorily required public tax sale for unpaid taxes for the year 2004.[2] The Tax Collector determined that Plaintiff owed $866.06 at the time of the tax sale. Defendant, American Tax Funding, LLC ("ATF"), purchased the lien on Plaintiff's property at the September 27 tax sale. ATF paid the delinquent taxes on Plaintiff's property for two years, at which time ATF could foreclose on the property pursuant to N.J.S.A. 54:5-86.

ATF retained Defendant Robert Del Vecchio, Esq. ("Del Vecchio"), to carry through with the foreclosure on the lien of Plaintiff's property. Del Vecchio and ATF served Plaintiff by certified mail with a Notice of Intent to Foreclose on December 23, 2008, notifying Plaintiff that a foreclosure action would commence and that he had the opportunity to redeem the lien within 30 days.

ATF filed a Tax Sale Foreclosure Complaint in the Superior Court of New Jersey on February 18, 2009, to foreclose on Plaintiff's property. In response, Stephanatos filed an Answer and Counterclaim, alleging that he had paid all municipal taxes because school taxes are not municipal taxes and he should not have to pay them. ATF then filed a Motion to Strike the

---

also filed a tax appeal in the Tax Court of New Jersey, again challenging the constitutionality of New Jersey's system of funding for schools and specifically challenging his real estate taxes for the year 2004. Stephanatos v. Township of Wayne, 007234-2005 (N.J. Tax June 23, 2006) (dismissing Plaintiff's Complaint and denying Plaintiff's motion for summary judgment), aff'd, 0941-06T5, 2008 WL 723782 (N.J. Super. Ct. App. Div. Mar. 19, 2008).

[2] The Tax Collector properly published notices of the tax sale on September 1, September 8, September 15, and September 22 of 2005. A tax sale is when a municipality sells a lien on property with unpaid taxes.

Contesting Answer and allow the foreclosure to proceed uncontested. On June 12, 2009, the Honorable Margaret Mary McVeigh, P.J.Ch., denied ATF's Motion to Strike without prejudice, and stayed the tax sale foreclosure for four months on the condition that by June 19, 2009, Stephanatos would file a Complaint in Lieu of Prerogative Writs in the Law Division requesting adjudication of the issues relating to the constitutionality of the assessments on his property.

On June 16, 2009, Plaintiff filed a Complaint in Lieu of Prerogative Writs in the Superior Court of New Jersey, Law Division, against Township of Wayne, Wayne Township Tax Collector, Wayne School District Board of Education, and the State of New Jersey. On February 19, 2010, the Honorable Joseph J. Riva dismissed the Plaintiff's Action in Lieu of Prerogative Writs.[3] Judge Riva added that Plaintiff was barred from ever re-litigating the issues and claims raised in the Complaint in Lieu of Prerogative Writs against any or all of Defendants in that action.

After Judge Riva's dismissal of the Action in Lieu of Prerogative Writs, ATF re-filed a motion in the tax sale foreclosure matter requesting that Judge McVeigh, based on the ruling of Judge Riva, strike the contesting Answer and allow the tax sale foreclosure to proceed. On April 27, 2010, Judge McVeigh entered an Order permitting the tax sale foreclosure to proceed.

On January 14, 2011, the Foreclosure Unit of the Superior Court of New Jersey entered an Order setting the amount, time, and place of repurchase for Plaintiff, noting that March 2, 2011, would be the last day Plaintiff could buy back the property before foreclosure. Plaintiff neither bought the lien nor paid his delinquent taxes, which resulted in the Tax Collector executing a Certification of Non-Redemption on April 18, 2011. On May 13, 2011, Final

---

[3] Specifically, Plaintiff argued in the Writ that Defendants: (1) violated the Equal Protection Clause; (2) refused or failed to provide the fair share of funding to the Wayne Public Schools; (3) violated the Due Process Clause; (4) violated the Just Compensation Clause; and (5) violated the Commerce Clause.

Judgment was entered in favor of ATFH Real Property, LLC, an ATF subsidiary to which ATF assigned its lien.[4]  That same day, the Foreclosure Unit of the Superior Court of New Jersey issued a Writ of Possession, which was sent to the Passaic County Sheriff requesting that a date be arranged for a lockout of Plaintiff.  The Sheriff scheduled a lockout for June 28, 2011, and provided written notice to Plaintiff.

On June 28, 2011, the Passaic County Sheriff's Office attempted to execute the Writ of Possession.  Defendants Corporal Ron Lucas ("Lucas"), Officer Victor D'Agostino ("D'Agostino"), Lieutenant Nick Mango ("Mango"), and Captain Fred Ernst ("Ernst") arrived at Plaintiff's property early that morning.  Upon Lucas and D'Agostino approaching the front door, Lucas saw that the front door was open and noticed a "metal type ammunition box" on the second step of the porch, which he thought could have been "some type of explosive device."  After D'Agostino warned Lucas that someone was moving inside the house, Lucas observed a man walking toward the front door with a "black barreled rifle" raised toward Lucas.  Lucas and D'Agostino took cover, and Mango requested that a SWAT team be activated.  Plaintiff was taken into custody by SWAT team members and transported to the Wayne Township Police Headquarters, where he was charged with unlawful possession of a weapon, aggravated assault, creating a risk of widespread injury or damage, and hindering apprehension.

---

[4] Plaintiff filed an appeal of this Final Judgment; however, it was dismissed on October 12, 2011, when Plaintiff did not pay the $200.00 filing fee. Plaintiff, additionally, attempted to appeal this matter to the Supreme Court of New Jersey. On July 14, 2011, a staff attorney from the Supreme Court of New Jersey wrote a letter to Plaintiff notifying him that he must follow the Rules of Court and proper appeal procedure in order to file an appeal to the Supreme Court of New Jersey. Furthermore, Plaintiff requested an Order to Stay the eviction from Judge McVeigh, which was denied on June 28, 2011. On June 30, 2011, Plaintiff requested Judge McVeigh to stay Plaintiff's removal from the property pending appeal. Judge McVeigh denied the second request on June 30, 2011.

B.  **Procedural History**

Plaintiff filed this suit on March 23, 2012, against the Township of Wayne, the Wayne Township Tax Collector, the Mayor of Wayne Township, ATF, Del Vecchio, the County of Passaic, and County Sheriff's Officers Lucas and D'Agostino.  Plaintiff asserts thirteen counts in his Complaint: violations of the Fifth Amendment (Counts 1 and 4), violations of the Equal Protection Clause (Count 2), violations of the right to Due Process (Count 3), violations of the Commerce Clause (Count 5), violations of the Fourth Amendment (Counts 6, 7, and 8), conversion of property (Count 9), civil conspiracy pursuant to 42 U.S.C § 1985 (Count 10), neglect to prevent civil conspiracy pursuant to 42 U.S.C. § 1986 (Count 11), negligent and intentional infliction of emotional distress and failure to train (Count 12), and violations of the right to Due Process pursuant to the state-created danger doctrine (Count 13).[5]

Defendants now move to dismiss Plaintiff's Complaint pursuant to the doctrine of res judicata and failure to state a claim for which relief can be granted.

## II. DISCUSSION

Defendants advance two primary arguments that allow for the dismissal of Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6): (1) the doctrine of res judicata bars Plaintiff from bringing these claims; and (2) Plaintiff fails to state a claim for which relief can be granted.

To survive a 12(b)(6) motion to dismiss "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  A court should accept as true all of the factual allegations, as well as all reasonable inferences,

---

[5] Plaintiff also submitted a Motion to Supplement the Record on October 17, 2012.  However, this Motion is in direct violation of this Court's June 13, 2012 Order prohibiting the parties from amending pleadings and adding parties.  Accordingly, the Motion to Supplement the Record is denied.

reasonably drawn from the complaint, and view them in the light most favorable to the plaintiff. Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). Under the Iqbal standard, the Court must conduct a two-part analysis:

> First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009) (quoting Iqbal, 556 U.S. at 679).

A pleading that "offers labels and conclusions or a formulaic recitation of the elements of a cause of action" will not meet the Iqbal standard. Iqbal, 556 U.S. at 678 (internal quotation marks omitted). In evaluating a Fed. R. Civ. P. 12(b)(6) motion to dismiss, "a court must consider only the complaint, exhibits attached to the complaint, matters of public record, and undisputedly authentic documents if the complaint's claims are based on those documents." Mayer v. Belichick, 605 F.3d 223, 230 (3d Cir. 2010). Additionally, the affirmative defense of res judicata may be raised in a Fed. R. Civ. P. 12(b)(6) motion to dismiss. Rycoline Prod. v. C & W Unlimited, 109 F.3d 883, 886 (3d Cir. 1997).

### A.  Claims Barred by Res Judicata

Res judicata prohibits reexamination of matters decided in a prior case, as well as those matters that the parties could have, but did not assert in that earlier action. Edmundson v. Borough of Kennett Square, 4 F.3d 186, 189 (3d Cir. 1993). The Third Circuit prefers a broad definition of res judicata that "encompasses both claim and issue preclusion." United States v. 5 Unlabeled Boxes, 572 F.3d 169, 174 (3d Cir. 2009). Issue preclusion forecloses future litigation of an already litigated and decided matter, while claim preclusion prevents litigation of a matter that has not been actually litigated but could have been presented to the court in an earlier suit. Migra v. Warren City Sch. Dist. Bd. of Educ., 465 U.S. 75, 77 n.1 (1984)

The doctrine of res judicata requires three factors: "(1) a final judgment on the merits in a prior suit involving, (2) the same parties or their privies; and (3) a subsequent suit based on the same cause of action."  Board of Trustees of Trucking Employees v. Centra, 983 F.2d 495, 504 (3d Cir. 1992).  When res judicata is invoked against a plaintiff who has at least twice asserted essentially the same claims against different defendants, courts have enlarged the scope of res judicata.  Bruszewski v. United States, 181 F.2d 419, 422 (3d Cir. 1950).

Here, Plaintiff's Counts 1 through 5 and 10 through 13, which all stem from Plaintiff's challenge to the constitutionality of his taxes, have been decided on the merits and each Judge to consider the issue found no support for Plaintiff's factual allegations.  In the New Jersey Tax Court's 2006 ruling in Stephanatos v. Township of Wayne, the Court dismissed Plaintiff's claims of constitutional violations as to his gross income tax because they were "without merit" and untimely.  Again in the 2010 decision in New Jersey Superior Court, the Court dismissed Plaintiff's Complaint in its entirety after reviewing the case on the merits, and additionally barred Plaintiff from ever re-litigating the issues raised in the Complaint.[6]  Additionally, Plaintiff has raised similar tax-related claims in his two federal court cases, in which all claims were dismissed with prejudice.  Stephanatos v. United States, 81 Fed. Cl. 440 (2008); Stephanatos v. Cohen, 06-1310, 2006 WL 2872519 (D.N.J. Aug. 7, 2006).

In addition, Defendants have privity with one another because Plaintiff has asserted, at least twice, essentially the same claims against different defendants and thus the requirement of privity is lessened.  Bruszewski, 181 F.2d at 422.  Therefore, the parties involved are the same or

---

[6] The specific issues raised in Plaintiff's Complaint were: (1) violation of the Equal Protection Clause; (2) refusal or failure to provide the fair share of funding to the Wayne Public Schools; (3) violation of the Due Process Clause; (4) violation of the Just Compensation Clause; and (5) violation of the Commerce Clause.

have enough relation to meet the standard required under Bruszewski because the parties are those that were involved, or could have been involved, in earlier suits under the same claims. Id. Therefore, the privity standard amongst Defendants is met here.

This new suit is based on the same principle as the earlier causes of action, though it may raise several different individual claims. Thus, the third prong of res judicata is met since it is the same general cause of action as those raised earlier. Because Plaintiff's earlier Complaints span a breadth of adjudicated claims, and because res judicata also precludes matters that could have been litigated at an earlier time, all of Plaintiff's claims are dismissed under the doctrine of res judicata, except for Plaintiff's claims regarding the conversion of his property (Counts 6-9), which had not occurred until after this Complaint was filed.

   B.   Remaining Claims

Plaintiff's remaining claims are dismissed because he has failed to state a claim with respect to his Fourth Amendment and conversion of property claims (Counts 6-9). Dismissal for failure to state a claim is not warranted unless the theory of the claim is such that it can be shown to be a factual impossibility from the face of the pleadings. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 561 (2007).

Concerning Plaintiff's Fourth Amendment claims (Counts 6-8), Plaintiff must prove that there was an unreasonable search and seizure of his private property. U.S. Const. amend. IV. Even construing all facts and inferences in Plaintiff's favor, he does not plausibly state a claim for relief because the sale and foreclosure of Plaintiff's property was conducted properly in accordance with New Jersey's Tax Sale Law. N.J.S.A. 54:5-1, et seq. Defendants adhered to all laws and procedures regarding the sale of Plaintiff's property and the Complaint states no facts on the face of the pleadings nor any plausible legal theory to suggest that Defendants conducted

Case 2:12-cv-01793-FSH-JBC   Document 61   Filed 04/15/13   Page 9 of 9 PageID: 2175

an illegal search and seizure in violation of the Fourth Amendment. Thus, Counts 6-8 will be dismissed for failure to state a claim.

Regarding Plaintiff's conversion of property claim (Count 9), Plaintiff must prove that Defendants wrongfully and willfully interfered with the dominion of Plaintiff's property in a manner inconsistent with the other person's rights in that property. McAdam v. Dean Witter Reynolds, Inc., 896 F.2d 750, 771 (3d Cir. 1990). Conversion is "the exercise of any act of dominion in denial of another's title to the chattels, or inconsistent with such title." Schenkel v. Flaster, 54 F. App'x 362, 365 (3d Cir. 2002) (citing Mueller v. Technical Devices Corp., 8 N.J. 201, 207 (1951)). Again, Plaintiff fails to sufficiently plead a conversion of property claim, because there is no factual averral to rebut the lawful justification to take control of Plaintiff's property: the Court Order granting the tax foreclosure to proceed and allowing the Township to take control over Plaintiff's property. Thus, Plaintiff's Count 9 will be dismissed for failure to state a claim for which relief can be granted.

## III. CONCLUSION

After careful review of the record in its entirety, and for the reasons set forth above, Plaintiff's Complaint is dismissed with prejudice. An appropriate Order follows.

s/ Faith S. Hochberg
Hon. Faith S. Hochberg, U.S.D.J.

9