**Not for Publication**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| BASILIS N. STEPHANATOS, <br><br> *Plaintiff*, <br><br> v. <br><br> WAYNE TOWNSHIP, et al., <br><br> *Defendants*. | Civil Action No. 12-1793 <br><br> **OPINION & ORDER** |

**John Michael Vazquez, U.S.D.J.**

Presently before the Court is *pro se* Plaintiff Basilis N. Stephanatos's Motion to Reopen pursuant to Federal Rule of Civil Procedure 60(b). D.E. 113. Defendants American Tax Funding, LLC; and Officers Ronald Lucas and Victor D'Agostino and the County of Passaic filed briefs in opposition to Plaintiff's motion, D.E. 115, 117. Plaintiff filed a brief in reply. D.E. 119. The Court reviewed the documents in support and opposition of Plaintiff's motion, and decided the motion without oral argument pursuant to Fed. R. Civ. P. 78(b) and L. Civ. R. 78.1(b). For the reasons set forth below, Plaintiff's motion is **DENIED**.

For purposes of the instant motion, the Court does not retrace this case's full factual and procedural history. The prior April 15, 2013 Opinion granting Defendants' motion to dismiss the Complaint (the "MTD Opinion") includes a detailed recounting of the factual background of this matter. To the extent relevant to the instant motion, the Court incorporates the factual and procedural history from the MTD Opinion.

Briefly, Plaintiff filed suit in 2012, asserting multiple constitutional claims that challenge various local taxation practices and the foreclosure of his home. In the MTD Opinion, Judge Hochberg dismissed all but three of Plaintiff's claims on *res judicata* grounds because Plaintiff already litigated his tax related claims in New Jersey state court. Opinion at 6-8. Judge Hochberg dismissed Plaintiff's remaining Fourth Amendment and conversion claims, which related to the foreclosure, because Plaintiff failed to state claims. *Id.* at 8-9. Since Plaintiff's Complaint was dismissed in 2013, Plaintiff has made numerous attempts to relitigate and appeal, all of which have been rejected. D.E. 85, 88, 111. Plaintiff seeks to reopen this matter now because of the Supreme Court's recent decision in *Tyler v. Hennepin County*, 598 U.S. 631 (2023). *See* Plf. Br. at 3.

Plaintiff contends that his case should be reopened pursuant to Federal Rules of Civil Procedure 60(b)(4), (b)(5), and (b)(6). Plf. Br. at 3. Through Rule 60(b), "the court may relieve a party . . . from a final judgment, order, or proceeding." Fed. R. Civ. P. 60(b). The rule "allows a party to seek relief from a final judgment and request the reopening of his case, under a limited set of circumstances including fraud, mistake, newly discovered evidence, or any reason justifying relief." *Gonzalez v. Crosby*, 545 U.S. 524, 529 (2005). But "Rule 60(b) motions are viewed as 'extraordinary relief which should be granted only where extraordinary justifying circumstances are present.'" *Kiburz v. Sec'y, U.S. Dep't of the Navy*, 446 F. App'x 434, 436 (3d Cir. 2011) (quoting *Bohus v. Beloff*, 950 F.2d 919, 929 (3d Cir. 1991)). A change in the controlling law might justify Rule 60(b)6) relief. But "'intervening changes in the law *rarely* justify [such] relief' without more." *Bracey v. Superintendent Rockview SCI*, 986 F.3d 274, 295 (3d Cir. 2021) (quoting *Cox v. Horn*, 757 F.3d 113, 121, 124 (3d Cir. 2014)) (emphasis in original). "The ultimate question is whether the petitioner has shown 'extraordinary circumstances where, without such relief, an extreme and unexpected hardship would occur.'" *Id.* (quoting *Cox*, 757 F.3d at 115)).

2

Again, Plaintiff argues that *Tyler* justifies reopen this matter. Tyler asserted a Takings Clause claim related to Hennepin County's allegedly unconstitutional retention of money in excess of her tax debt, which that County obtained after it seized and sold her property. The Supreme Court addressed whether Tyler had standing to assert a claim under the Takings Clause of the Fifth Amendment. *Tyler*, 598 U.S. at 635-37. The Supreme Court determined that Tyler had standing to assert a claim to recover the excess amount. *Id.* at 647.

Plaintiff argues that this Court should reopen the matter and use its equitable powers to apply *Tyler* retroactively. But Plaintiff intends to assert claims far beyond the limited scope of *Tyler*. Plaintiff seeks to assert claims related to the confiscation of his real estate property, his eviction, and the seizure of Plaintiff's firearms and property. Plaintiff also seeks to assert claims related to a state criminal case, including malicious prosecution, speedy trial rights, and double jeopardy. Plf. Reply at 11-12. The Supreme Court's decision in *Tyler* does not appear to be relevant to any of these claims. Rather, Plaintiff seeks to reopen this matter to bring new claims related to events that largely occurred after this matter was dismissed in 2013.

Plaintiff also seeks to assert a takings clause claim pursuant to *Tyler*. But Plaintiff does not assert a claim related to any excess proceeds from the tax sale of his property. Instead, Plaintiff emphasizes that he seeks the current market value for the seized property. Plf. Reply at 1. Consequently, *Tyler* is distinguishable. Moreover, a new or changed interpretation of federal law in civil cases is generally "given full retroactive effect in all cases still open on direct review." *Riccio v. Sentry Credit, Inc.*, 954 F.3d 582, 593 (3d Cir. 2020) (quoting *Harper v. Va. Dep't of Tax'n*, 509 U.S. 86, 97 (1993)). This matter, however, has been closed for almost a decade. As discussed, Judge Hochberg dismissed Plaintiff's Complaint in 2013, largely on *res judicata*

3

grounds. Plaintiff provides no legal explanation as to why the general rule of retroactivity should not apply to this matter.

In short, Plaintiff fails to demonstrate that any extraordinary circumstances justify reopening this matter. As a result, for the reasons set forth above, and for good cause shown,

IT IS on this 30th day of August, 2023,

**ORDERED** that Plaintiff's motion to reopen (D.E. 113) is **DENIED**; and it is further

**ORDERED** that the Clerk's Office is directed to mail a copy of this Opinion & Order to Plaintiff.

                                              John Michael Vazquez, U.S.D.J.