NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

—————————————————————————— :
BASILIS N. STEPHANATOS,                               :
                                                      :
                              Plaintiff,              :      Civil Action No.: 12-1793
                                                      :
          v.                                          :
                                                      :      **OPINION & ORDER**
WAYNE TOWNSHIP, *et al.*,                             :
                                                      :
                              Defendants.             :
—————————————————————————— :

**CECCHI, District Judge**

     This matter comes before the Court by way of *pro se* Plaintiff Basilis N. Stephanatos's ("Plaintiff") motion for reconsideration (ECF No. 121) of an August 30, 2023, Opinion and Order (ECF No. 120) entered by the Honorable John M. Vasquez.[1]  Defendant American Tax Funding, LLC ("Defendant ATF") filed opposition to Plaintiff's motion on September 19, 2023 (ECF No. 122), and Defendants Ronald Lucas, Victor D'Agostino, and Passaic County (together, the "County Defendants") filed opposition on December 8, 2023 (ECF No. 126).  The Court decides this motion without oral argument pursuant to Federal Rule of Civil Procedure 78(b).  For the reasons set forth below, Plaintiff's motion for reconsideration is **DENIED**.

     **WHEREAS** this action arises out of Plaintiff's constitutional claims under 42 U.S.C. § 1983 and other related provisions challenging various local taxation practices and the foreclosure of his home.[2]  *See generally* ECF No. 1; ECF No. 111 at 1.  At the center of Plaintiff's current claim is the assertion that Defendant ATF's tax sale foreclosure constitutes an unlawful taking.

---

[1] This case was reassigned to the undersigned on October 20, 2023.  ECF No. 123.

[2] A more detailed recitation of the underlying facts and procedural history of this case can be found in the Honorable Faith S. Hochberg's April 15, 2013, decision dismissing Plaintiff's action.  *See* ECF No. 61 at 1-5.

ECF No. 115 at 3.  Most of Plaintiff's claims were dismissed on *res judicata* grounds, having already been litigated in New Jersey state court, while the remaining claims were dismissed on the merits in Judge Hochberg's April 15, 2013, decision.  ECF No. 61.  Thus, this action has been closed since April 2013.  ECF No. 107 at 1 n.1.  Since that time, Plaintiff has made various unsuccessful efforts to appeal or reopen his case and relitigate claims already adjudicated.  *See, e.g.*, ECF Nos. 85, 88, 111, 120; and

**WHEREAS** in his last such attempt, Plaintiff argued that the Supreme Court's recent decision in *Tyler v. Hennepin County*, 598 U.S. 631 (2023), warranted reopening of his case.  ECF No. 120 at 3.  In *Tyler*, the Supreme Court held that a plaintiff had standing to bring a Takings Clause claim under the Fifth Amendment where it was alleged that, after seizing and selling the plaintiff's home, the county retained funds exceeding the plaintiff's tax debt.  598 U.S. at 636.  Plaintiff argued that the Court, in its equitable power, should retroactively apply *Tyler*'s holding to Plaintiff's claims.  ECF No. 113 at 3.  Judge Vasquez denied Plaintiff's motion on grounds that (i) *Tyler* was not relevant to any claims previously asserted by Plaintiff; (ii) Plaintiff sought to raise a new Takings Clause claim but did not allege any excess proceeds from the sale of his property; and (iii) in any event, changes in federal law are only retroactively applied to cases that are still open for review.  ECF No. 120 at 2-3; and

**WHEREAS** Plaintiff now seeks reconsideration of Judge Vasquez's decision "to allow the Plaintiff to file a Section 1983 Takings Claim to recover the excess amount from the sale of his property."  ECF No. 121 at 1.  Plaintiff points to the Court's equitable powers as a basis for the retroactive application of *Tyler* to his case.[3]  *Id.* at 5-6.  In opposition, Defendant ATF argues that Plaintiff's motion must be denied because "it simply is a re-argument of the previously denied

---

[3] While Plaintiff points to the continuing-violations and equitable tolling doctrines as bases for relief, ECF No. 121 at 9-10, 12-13, the Court finds that these arguments are without merit.

"[m]otion" before Judge Vasquez.  ECF No. 122 at 1.  The County Defendants likewise argue that "Plaintiff is seeking another bite at the apple" and fails to cite controlling law that Judge Vasquez has overlooked.  ECF No. 126 at 1; and

**WHEREAS** a party may move for reconsideration of a previous order if there are "matter[s] or controlling decisions which the party believes the Judge has overlooked."  L. Civ. R. 7.1(i).  The Court will reconsider a prior order only where a different outcome is justified by "(1) an intervening change in controlling law; (2) the availability of new evidence not available previously; or (3) the need to correct a clear error of law or prevent manifest injustice."  *N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995) (citations and brackets omitted).  A court commits a clear error of law "only if the record cannot support the findings that led to that ruling."  *ABS Brokerage Servs. V. Penson Fin. Servs., Inc.*, No. 09-CV-4590, 2010 WL 3257992, at *6 (D.N.J. Aug. 16, 2010) (citing *United States v. Grape*, 549 F.3d 591, 603-04 (3d Cir. 2008)); and

**WHEREAS** "reconsideration is an extraordinary remedy, that is granted '*very sparingly*.'" *Brackett v. Ashcroft*, No. 03-3988, 2003 WL 22303078, at *2 (D.N.J. Oct. 7, 2003) (emphasis added) (citations omitted); *see also Fellenz v. Lombard Inv. Corp.*, 400 F. Supp. 2d 681, 683 (D.N.J. 2005).  A motion for reconsideration "may not be used to relitigate old matters, nor to raise arguments or present evidence that could have been raised prior to the entry of judgment."  *P. Schoenfeld Asset Mgmt., LLC v. Cendant Corp.*, 161 F. Supp. 2d 349, 352 (D.N.J. 2001).  "Mere 'disagreement with the Court's decision' does not suffice."  *ABS Brokerage Servs.,* 2010 WL 3257992, at *6 (quoting *P. Schoenfeld Asset Mgmt.*, 161 F. Supp. 2d at 353); and

**WHEREAS** here, Plaintiff fails to state a sufficient basis for reconsideration.  There is no dispute that Plaintiff's relevant claims were adjudicated to final judgment in New Jersey state court

3

on May 13, 2011, ECF No. 61 at 3-4, and dismissed with prejudice in this Court on April 15, 2013, *id.* at 9.  Thus, Plaintiff's claims were resolved nearly a decade prior to the Supreme Court's ruling in *Tyler*.  *See* 598 U.S. 631.  As the Supreme Court and Third Circuit have articulated, "[n]ew legal principles, even when applied retroactively, do not apply to cases already closed."  *Reynoldsville Casket Co. v. Hyde*, 514 U.S. 749, 758 (1995); *see also Riccio v. Sentry Credit, Inc.*, 954 F.3d 582, 593 (3d Cir. 2020) (noting that controlling interpretations of federal law "must be given full retroactive effect in all cases *still open on direct review*" (quoting *Harper v. Va. Dep't of Taxation*, 509 U.S. 86, 97 (1993) (emphasis added)).  Thus, Judge Vasquez did not err in denying to retroactively apply *Tyler* to Plaintiff's closed case, ECF No. 120 at 3, nor has Plaintiff pointed to evidence or controlling law warranting a different outcome; and

**WHEREAS** Judge Vasquez's decision not to retroactively apply *Tyler* was also appropriate under the circumstances.  *See Knight v. Kaminski*, 663 F. App'x 99, 101 (3d Cir. 2016) (rejecting "any categorical rule that a change in decisional law is never an adequate basis for Rule 60(b)(6) relief" (internal quotation marks and citation omitted)).  Indeed, Plaintiff asserts that he wishes to raise a takings claim predicated on the tax sale foreclosure carried out by Defendant ATF.  ECF No. 121 at 11.  However, he already litigated this exact claim in state court, the claim was dismissed, and Plaintiff was "barred from ever re-litigating the issue[ ] . . . against any or all of the co-defendants named in th[at] action."  ECF No. 115-5 at 1; *see also* ECF No. 115-4 at 34-37.  And as Judge Hochberg previously found, Defendants here, against whom Plaintiff seeks to assert an identical claim, satisfy the privity requirement for purposes of *res judicata*.  ECF No. 61 at 7-8; *see also Ouaziz v. Murphy*, No. 23-cv-2696, 2024 WL 397708, at *5 (D.N.J. Feb. 2, 2024) (finding that *res judicata* extends to new defendants where a plaintiff "'assert[s] essentially the

same claim against different defendants'" (quoting *Bruszewski v. United States*, 181 F.2d 419, 422 (3d Cir. 1950)); and

      **WHEREAS** in any event, Plaintiff's takings claim—predicated on a tax sale foreclosure carried out by a private entity—is substantively distinguishable from the facts at issue in *Tyler* where the foreclosure was carried out by a municipality.  *See Tyler*, 598 U.S. at 635; *see also Stop the Beach Renourishment, Inc. v. Fla. Dep't of Env't Prot.*, 560 U.S. 702, 715 (2010) ("[T]he Takings Clause bars *the State* from taking private property without paying for it." (emphasis in original)); *Flagg v. Yonkers Sav. & Loan Ass'n, FA*, 307 F. Supp. 2d 565, 585 (S.D.N.Y. 2004) ("It is beyond cavil that governmental action is required to trigger the application of [the Takings Clause]; it does not apply to private parties who are not state or governmental actors.").  Plaintiff offers no new evidence or change in controlling law to challenge these conclusions.

      Accordingly, it is on this 24th day of April 2024,

      **ORDERED** that Plaintiff's motion for reconsideration (ECF No. 121) of Judge Vasquez's August 30, 2023, Opinion and Order (ECF No. 120) is hereby **DENIED**; and it is further

      **ORDERED** that this action shall remain **CLOSED**.

      **SO ORDERED**.

                      s/ Claire C. Cecchi
                    _____
                    **CLAIRE C. CECCHI, U.S.D.J.**