**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| BASILIS N. STEPHANATOS,<br>Plaintiff,<br>v.<br>WAYNE TOWNSHIP, *et al.*<br>Defendant. | Civil Action No.: 12-1793<br><br>**OPINION & ORDER** |

**CECCHI, District Judge.**

This matter comes before the Court by way of *pro se* Plaintiff Basilis N. Stephanatos's ("Plaintiff") February 2026 motion to reopen pursuant to Federal Rule of Civil Procedure 60(b). ECF No. 134. Defendant American Tax Funding, LLC ("Defendant") filed a response in opposition ("Opp."), ECF No. 135, and Plaintiff filed a series of letters supplementing his motion. ECF Nos. 136; 137. The Court decides this request without oral argument pursuant to Federal Rule of Civil Procedure 78(b). For the reasons set forth below, Plaintiff's motion to reopen is **DENIED**.

## I. BACKGROUND

This matter arises out of Plaintiff's constitutional claims under 42 U.S.C. § 1983 and other related provisions challenging various local taxation practices and the foreclosure of his home. *See generally* ECF No. 1; ECF No. 111 at 1. Plaintiff's claim primarily rests on the theory that Defendant's tax sale foreclosure constitutes an unlawful taking. ECF No. 115 at 3. Plaintiff first filed an action in the Superior Court of New Jersey, which was dismissed in 2011. ECF No. 61, at 3. Plaintiff then filed the present suit in the District of New Jersey, ECF No. 1, which the Hon.

Faith Hochberg, U.S.D.J., dismissed with prejudice on April 15, 2013, primarily on *res judicata* grounds due to the dismissal of his previous state court filing. ECF Nos. 61, 62.[1]

Plaintiff first sought reconsideration of the dismissal, ECF No. 68, which Judge Hochberg denied on September 26, 2013. ECF No. 85.[2] Plaintiff next appealed the dismissal to the Third Circuit, ECF No. 86, and the Third Circuit dismissed the appeal on November 21, 2013 for failure to pay the requisite fee. ECF No. 88. On September 21, 2018, Plaintiff filed a motion to reopen the case and amend his complaint—nearly five years after the decision became final. ECF No. 92. On March 12, 2019, the Hon. John Michael Vazquez, U.S.D.J. denied his motion to reopen. ECF No. 111. Plaintiff filed a second motion to reopen before Judge Vazquez on July 10, 2023, ECF No. 113, which Judge Vazquez denied on August 30, 2023. ECF No. 120. Plaintiff filed a motion for reconsideration on September 8, 2023, ECF No. 121, which this Court denied on April 24, 2024. ECF No. 127. On February 2, 2026, Plaintiff filed the present motion seeking to reopen this case. ECF No. 134. In total, Plaintiff has filed six motions seeking relief from the order dismissing his case over the course of 13 years.

Plaintiff's present motion seeks to reopen his case on the grounds that an intervening change in law since his case was closed justifies reopening pursuant to Federal Rule of Civil Procedure 60(b)(6). Specifically, he requests that the Court "use its equitable powers (equitable tolling or under the continuous violations doctrine) to retroactively apply [*Tyler v. Hennepin County*, 598 U.S. 631 (2023)] and [*257-261 20th Ave., Realty, LLC v. Roberto*, 259 N.J. 417

---

[1] A more detailed recitation of the underlying facts and procedural history of this case can be found in the Honorable Faith S. Hochberg's April 15, 2013, decision dismissing Plaintiff's action. *See* ECF No. 61 at 1-5.

[2] Judge Hochberg also issued an order prohibiting the Clerk of the Court from accepting any more filings in this action from Plaintiff without express permission by the Court. *See* ECF No. 85.

(2025)] in this case to recover the excess sale of his property." ECF No. 134 at 2. In opposition, Defendant argues that Plaintiff's claims are barred by the statute of limitations, ECF No. 135 at 4-5; *res judicata* prevents Plaintiff from relitigating his takings claim, ECF No. 135 at 5; and *Tyler* and *Roberto* should not be retroactively applied to Plaintiff's claim. ECF No. 135 at 5-6. Defendant also requests that this Court sanction Plaintiff for vexatious conduct. ECF No. 135 at 6-7. After Defendant responded to his motion, Plaintiff subsequently submitted two letters to this Court, in which he again requested that the Court "apply the doctrine of equitable tolling in this case" (ECF No. 136 at 5); "use its equitable powers . . . to retroactively apply *Tyler*" (ECF No. 137 at 18); and "allow [him] to file an amended complaint that includes the latest Second, Fourth, Fifth, and Fourteenth Amendments violations for failing to return [his] personal property." *Id.* This Court considers Plaintiff's subsequent letters as supplements to his motion.

## II. LEGAL STANDARD

"Rule 60(b)(6) is a catch-all provision that authorizes a court to grant relief from a final judgment for 'any ... reason' other than those listed elsewhere in the Rule." *Cox v. Horn,* 757 F.3d 113, 120 (3d Cir. 2014) (quoting Fed.R.Civ.P. 60(b)(6)). The "remedy provided by Rule 60(b) is extraordinary, and special circumstances must justify granting relief under it." *Jones v. Citigroup, Inc.*, No. 14-6547, 2015 WL 3385938, at *3 (D.N.J. May 26, 2015) (quoting *Moolenaar v. Gov't of the Virgin Islands*, 822 F.2d 1342, 1346 (3d Cir. 1987)). A Rule 60(b) motion "may not be used as a substitute for appeal, and . . . legal error, without more, cannot justify granting a Rule 60(b) motion." *Holland v. Holt*, 409 F. App'x 494, 497 (3d Cir. 2010) (citation omitted). To succeed on a Rule 60(b)(6) motion, a Plaintiff must make a "showing that without relief from the judgment, an extreme and unexpected hardship will result." *Budget Blinds, Inc. v. White*, 536 F.3d 244, 255 (3d Cir. 2008) (citation omitted). Finally, "[i]ntervening developments in the law by themselves

rarely constitute the extraordinary circumstances required for relief under Rule 60(b)(6)[.]" *Agostini v. Felton*, 521 U.S. 203, 239 (1997).

## III. DISCUSSION

### A. Retroactive Application of Intervening Caselaw is Inappropriate Because Plaintiff Has Not Shown Exceptional Circumstances.

Plaintiff's primary argument is that *Tyler v. Hennepin County*, 598 U.S. 631 (2023) and *257-261 20th Ave., Realty, LLC v. Roberto*, 259 N.J. 417 (2025) should be applied retroactively and constitute "exceptional circumstances" to justify reopening his case—despite the fact that his case had been closed for over a decade when either case was decided. In *Tyler*, the United States Supreme Court recognized that a valid Takings Clause claim under the Fifth Amendment existed where it was alleged that, after seizing and selling the plaintiff's home, the county retained funds exceeding the plaintiff's tax debt. 598 U.S. at 636. In *Roberto*, the New Jersey Supreme Court construed *Tyler* to find that New Jersey's pre-2024 Tax Sale Law violated the Takings Clause because it permitted the forfeiture of a property owner's surplus equity without just compensation. 259 N.J. at 427-29. Additionally, the New Jersey Supreme Court found that "because private lienholders act jointly with local governments under the TSL to perform a traditional public function—the collection of taxes—they may be considered state actors." *Id.* at 428.

This Court has repeatedly rejected Plaintiff's efforts to reopen his case and apply *Tyler* retroactively. First, Judge Vazquez denied Plaintiff's prior motion to reopen because (i) *Tyler* was not relevant to any claims previously asserted by Plaintiff; (ii) Plaintiff sought to raise a new Takings Clause claim but did not allege any excess proceeds from the sale of his property; and (iii) in any event, changes in federal law are only retroactively applied to cases that are still open for review. ECF No. 120 at 2-3. This Court then rejected Plaintiff's motion for reconsideration of Judge Vazquez's order because (i) Plaintiff presented no evidence or controlling law to justify

applying new legal principles retroactively to a case already closed; (ii) *res judicata* bars Plaintiff's claims due to his previous suit in state court; and (iii) Plaintiff's takings claim was substantively distinguishable from *Tyler* because it was predicated on a tax sale carried out by a private entity as opposed to a foreclosure carried out by a municipality. ECF No. 127 at 3-5.

Plaintiff appears to suggest that the New Jersey Supreme Court's holding in *Roberto*, finding that private lienholders can constitute public actors, now justifies reopening his case. Plaintiff contends that it undermines this Court's prior decision denying Plaintiff's motion for reconsideration of Judge Vazquez's order on the grounds that Plaintiff's takings claim was predicated on a tax sale carried out by a private entity. *See* ECF No. 134 at 1-2. As an initial matter, this Court's prior decision did not rest entirely on its finding that private lienholders were not public actors. Instead, it denied reconsideration on numerous independent grounds, including that Plaintiff presented no evidence or controlling law to justify applying new legal principles retroactively to a case already closed, as well as that *res judicata* barred his underlying action. ECF No. 127 at 3-4. Therefore, even if this Court were to apply *Roberto* retroactively, it would not substantively disturb this Court's prior decision, and Plaintiff has presented no other evidence that justifies a different holding.

Regardless, this Court declines to apply either *Tyler* or *Roberto* retroactively to this case. "Intervening developments in the law by themselves rarely constitute the extraordinary circumstances required for relief under Rule 60(b)(6)." *Agostini,* 521 U.S. at 239. Examples of such circumstances include cases in which a judgment has not been executed at the time that the intervening change in law occurred, *see, e.g., Ritter v. Smith*, 811 F.2d 1398 (11th Cir. 1987); cases in which the change in law would effect a consent decree or permanent injunction, *see, e.g., Marshall v. Board of Education*, 575 F.2d 417 (3d Cir. 1978); or cases in which an intervening

court decision was rendered expressly to resolve a particular case. *See, e.g.*, *Tsakonites v. Transpacific Carriers Corp.,* 322 F.Supp. 722 (S.D.N.Y.1970). In other words, the court's interest in finality is outweighed only by truly extraordinary circumstances, including where the change in law would still take effect prospectively. Here, much like in Plaintiff's numerous other attempts to reopen his claim, Plaintiff makes no showing that such extraordinary circumstances exist. Indeed, Plaintiff does not provide any rationale, new evidence, or explanation to justify retroactively applying cases that were decided over a decade after his case was closed. *See Fronzone v. Tribune Corp.*, 608 Fed. Appx. 76, 79 (3d. Cir. 2015) (in seeking to reopen a case pursuant to FRCP 60(b), a plaintiff must explain the exceptional circumstances that would justify relief).[3]

**B. Plaintiff's Underlying Claims are Futile Because They Are Independently Barred by *Res Judicata*.**

Defendant correctly argues that reopening Plaintiff's action would be futile. ECF No. 135 at 5. As courts in this district have recognized, futility of the underlying claims is a factor to consider when deciding a Rule 60(b) motion. *Merrifield v. United States*, No. 07-987, 2009 WL 1916328, at *3 (D.N.J. June 30, 2009) ("The Court will not vacate final judgment, where such action would be futile" (citing *In re Nazi Era Cases Against German Defs. Litig.*, 236 F.R.D. 231, 238 (D.N.J.2006); *Lepkowski v. Dep't of Treasury*, 804 F.2d 1310, 1314 (D.C.Cir.1986)).

[3] To the extent that Plaintiff suggests that purported evidence related to his state criminal prosecution, the confiscation of his real estate property, and the seizure of his firearms constitutes "new evidence" showing "extraordinary circumstances," such evidence has no discernable relevance to the retroactivity of *Tyler* and appears to arise largely out of events that occurred after this case was closed in 2013. Thus, it has no bearing on the claims in the original case that Plaintiff seeks to reopen. And any efforts by Plaintiff to raise new claims, including an Eighth Amendment claim, *see* ECF No. 134 at 2, are improper in a motion to reopen and must be rejected. *See Abdullah v. Dep't of Corr.*, No. 05-4236, 2007 WL 275719, at *6 (D.N.J. Jan. 29, 2007) ("[I]t is well-established that a 60(b) motion does not provide a party with the opportunity to introduce new legal theories.").

Here, Plaintiff's claims are futile because the intervening change in law does not disturb this Court's repeated prior findings that his claims are barred by *res judicata*. *See* ECF No. 61 at 8 (dismissing Plaintiff's claims stemming from the challenge to the constitutionality of his taxes on res judicata grounds); ECF No. 127 at 4 (reasserting that Plaintiff's claims were barred on res judicata grounds). Since Plaintiff again seeks to "raise a takings claim predicated on the tax sale foreclosure carried out by Defendant ATF" and nothing has changed regarding the parties or the substance of the claim he wishes to assert, his claims remain barred by res judicata and reopening the action would be futile.

**Accordingly,** it is on this 28th day of October 2026,

**ORDERED** that Plaintiff's motion to reopen (ECF No. 134) is hereby **DENIED**.

**ORDERED** that this action shall remain **CLOSED**.

**ORDERED** that Defendant's request for sanctions is **DENIED**.

**SO ORDERED.**

*/s/ Claire C. Cecchi*

**CLAIRE C. CECCHI, U.S.D.J.**